Delos E. Brown, Esq. (SBN 058816)
    dbrown@brownbrownklass.com
John J. Stumreiter, Esq. (SBN 058415)
    jstumreiter@brownbrownklass.com
BROWN, BROWN & KLASS
28118 Agoura Road, Suite 103
Agoura Hills, CA  91301
Tel:   (818) 597-9590
Fax:   (818) 597-9591

Attorneys for Defendants ANNA
WILINSKI (erroneously named as
Anna Willinski), SANTIAGO
MASSANO (erroneously named as
Santiago Masano), and JEST PAINT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA BONIFAZ and DIAMOND FX USA LLC, a California Limited Liability Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>ANNA WILLINSKI, SANTIAGO MASANO, JEST PAINT,  ANGELA REUDELHUBER aka ANGELA VON HUBER, and DOES 1-20<br><br>                    Defendants.<br>_____ | CASE NO.  EDCV 12-00537-AG(SPx)<br><br>**PROTECTIVE ORDER RE DOCUMENTS WHICH CONTAIN MONETARY AMOUNT FINANCIAL INFORMATION**<br><br>**[NOTE CHANGE MADE BY THE COURT IN PARAGRAPH 4]** |

        Pursuant to the stipulation of the parties, and good cause being shown, it is

hereby ORDERED:

        1.      **Scope.**

        Certain parties in this action have been requested to provide information as to

monetary amounts of items such as assets, liabilities, net worth, income, cost of

goods and expenses of the parties. This protective order is intended to provide the

limited protections as stated herein for any documents and writings that disclose the monetary amounts of such items. It also extends to:

      (a)    Information copied or extracted from such material, if the copy or extracted information would provide the monetary dollar amounts of such items;

      (b)    Copies, excerpts, summaries, or compilations of such items and material;

      (c)    Testimony as to the monetary amounts of such items or materials,

to the extent that the information, copies, excerpts, summaries, compilations or testimony includes any description of such monetary amounts.

This protective order does not extend to:

      (a)    Information that is in the public domain or becomes part of the public domain;

      (b)    Information known to the receiving party otherwise than through production of the material which is subjected to this Protective Order.

**2.    Designation.**

The producing party shall designate such material that it claims to constitute protected material under this order. Such designation shall be limited to those portions of documents or other materials that actually would disclose monetary amounts.

In the event that the designating party discovers it has incorrectly designated as protected material which is not in fact protected, the designating party must immediately withdraw the mistaken designation and promptly notify all other parties of such withdraw.

### 3.    Manner of designation.

Except as otherwise provided, in order for material to be subjected to this Protective Order, the designating party shall mark it "confidential." Such marking shall be made as to each page or portion of a page that is sought to be protected. Such marking shall be made prior to disclosure or production of the material

With respect to testimony at deposition or otherwise, prior to the close of the deposition, hearing or other proceeding, the designating party shall indicate on the record whether it contends that the testimony or exhibits include material that is protected under this order. The designating party shall have a period of 15 days after receipt of the transcript within which to specify such portions of the transcript as contain protected material. Prior to the end of that 15 day period, the transcript may be used, but any monetary amounts shall be redacted. After that 15 day period, only the items specifically designated by the designating party shall be treated as confidential.

### 4.    Challenge to designation.

Any party may challenge the designation of confidentiality at any time. Such challenge shall be made by means of a motion under Local Rule 37 (and Local Rule 79-5 if applicable).

### 5.    Use of protected material.

Protected material shall be used only for the purpose of  prosecuting, defending, or attempting to resolve this action.

### 6.    Duration.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**7.      Disclosure and redisclosure of protected material.**

Protected material may be disclosed only to the categories of persons and under the conditions described in this Order.  Such material may be disclosed to:

(a)      The parties themselves, and officers, directors, and employees (including house counsel) of parties, who may not redisclose it to someone not listed in this Section 6;

(b)      Counsel for the  parties. who may not redisclose it to someone not listed in this Section 6;

(c)      The Court and its personnel;

(d)      Court reporters and their staffs;

(e)      Experts of the receiving party;

(f)      Professional vendors, including jury or trial consultants;

(g)      Witnesses during their depositions.

In the case of each person covered by subparagraphs (a)and (b) and (e)-(g), such persons must have signed an acknowledgment and agreement to be bound, a copy of which is attached as Exhibit A, in order to receive such material.

Protected material may be disclosed to the author, or the producing party, or to any other person who otherwise already has possessed or known the information. Their right (if any) to redisclose the same is not affected by this Order.

**8.      Unauthorized Disclosure of Protected Material**.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, ( c) inform the person or persons to whom unauthorized disclosures were made of all the terms

4

of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.      Other litigation.**

If a receiving party is served with a subpoena, court order, or other legal process that calls for disclosure of protected information, such party must promptly notify the designating party and must notify the party/counsel who caused the subpoena, order or other process to be issued, that some or all of the material is or may be subject to this protective order. The receiving party shall comply with such protective orders or other rulings that may be made by the appropriate court.

**10.      Non-party information.**

This Order does not protect material which is in the possession, custody, or control of someone other than a party, except to the extent that such person holds it on behalf of the party, including specifically attorneys, accountants, and bookkeepers. It does not apply to third parties (such as banks) to whom such material may have been furnished.

**11.      Filing.**

A party that wishes to file any protected material under seal must comply with Local Rule 79-5.

If a receiving party's request to file protected material under seal pursuant to local rule 79-5 is denied, then the receiving party may file the protected material in the public record, not under seal.

**12.      Disposition.**

Within 60 days after final disposition of this action, the receiving party must return protected material to the producing party or destroy the same, and the receiving party shall certify to the producing party such return or destruction.  The certification must (1) identify (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirm that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).


Dated: February 8, 2013                              /s/ Sheri Pym
                                                    United States Magistrate Judge

6

Exhibit A

**Declaration re Reading, Understanding and Complying with Protective Order**

I, _____[name], of _____[address], declare:

1.      I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on_____ in *Bonifaz v. Willinski*, EDCV 12-00537-AG(SPx), pending in the United States District Court for the Central District of California.

2.      I agree to comply with and to be bound by all the terms of such Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

3.      I solemnly promise that I will not re disclose in any manner any information or item I have received that is protected information under such Protective Order to any person or entity except in strict compliance with the provisions of this Order.

4.      I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed under penalty of perjury at _____ [city and state] on _____[date].


_____            _____
Printed or typed name                              Signature